## Colton's Appeal.

A decree requiring executors to give bonds affirmed under the circumstances in view of the uncertainty of the executors' lives, the large encumbrances upon their real estate, and the fluctuating values of property.

(Decided May 17, 1886.)

---

NOTE.—Prior to the act of March 29, 1832 (P. L. 190), the court could not direct an executor to give bond at the instance of one who had the life interest in a fund. Johnson's Appeal, 12 Serg. & R. 317. Now it may be required where the executor becomes insolvent (Levan's Estate, 1 Woodw. Dec. 104; Kurtz's Estate, 1 Chester Co. Rep. 444; Longenberger's Estate, 148 Pa. 564, 24 Atl. 120) ; or where the estate is mismanaged (McKennan's Appeal, 27 Pa. 237; Fagan's Estate, 3 Pa. Dist. R. 181, 34 W. N. C. 66; Cryder's Appeal, 11 Pa. 72) ; or where an executrix marries (Coxe's Appeal, 120 Pa. 98, 13 Atl. 727). But it will not be ordered when the executor's means are the same as when the will was made, the testator knowing their extent. Levan's Estate, 1 Woodw. Dec. 104.

Certiorari, sur appeal from a decree of the Orphans' Court of Erie County requiring executors to give security. Affirmed.

The petition in this case was filed by Carlotta Ransbotham and Caroline C. Brown, legatees under the will of Mrs. Abbie B. Ward, for an order requiring the executors of that will to give security, etc.

The court below delivered the following opinion:

The petitioners are legatees under the last will of Mrs. Abbie B. Ward, deceased; one of the petitioners, Mrs. Caroline E. Brown, being also a residuary legatee. Mrs. Ward died in 1884, leaving personal estate, as shown by the inventory filed June 17, 1884, to the amount of $25,793.25, chiefly in money, bonds, mortgages and other good securities. The petitioners allege that the executors, Daniel C. Kendig and George W. Colton, are likely to prove insolvent, and ask that they be required to give security conditioned for the performance of their trust; or that they be removed.

The evidence shows that Daniel C. Kendig, one of the executors, owns a lot in the city of Erie worth $700, on which there is no encumbrance. He testifies that he owns an interest of $4,000 in a grist mill and twenty-four acres of land with two houses in Capron, Boone county, Illinois; but the title is in his brother and his silent partner, not named, who owe him the $4,000 stated; but that he has no lien on the land and no obligation to show for the indebtedness. Mr. Kendig owns of personal property about $5,000. The other executor owns several pieces of real estate in Erie, amounting, according to his estimate, to $33,150, and a lot in Union city worth $300. It is claimed on part of the petitioners that these are inflated estimates, but no evidence was taken to show that they were so. It is conceded, however, by Mr. Colton, that there are encumbrances against the principal properties owned by him, amounting in the aggregate to over $10,000. [In the present condition of business, and when it is the very frequent and almost daily fact that real estate is sold at judicial and other sales for far less

than its estimated value, to pay encumbrances, it will not do to depend upon estimated values as given especially by the owners of property.]

The business of managing this estate appears to have been left chiefly to Mr. Kendig, whose property appears to be wholly inadequate security for the amount involved; nor can it be safely assumed that the real estate of the other executor, Mr. Colton, encumbered as it is, and worth in any event probably less than the value of the estate of the testatrix, furnishes sufficient assurance to the parties in interest.

[It appears that a portion of the money and securities is in custody of Wm. F. Thorn, of Cincinnati, Ohio, amounting to about one half of the whole, he having acted as agent for Mrs. Ward, in her lifetime, in making loans and investments, and the will directing the executors to retain him in that capacity. This, however, is only a direction, and does not prevent the executors or either of them from taking such money and securities at any time into their custody.]

It is proper to refer to the fact that Mr. Colton, in his evidence, estimates his personal property to be worth from $8,000 to $10,000; but, on the other hand, the real estate numbered nine in his testimony belonged to Mrs. Colton, deceased, who died without any will, leaving no children. It is estimated by him at $7,000 and has an encumbrance upon it of $2,000.

[I am of the opinion, on the whole, that the security is inadequate in this case, especially in view of the uncertainty of life and the large amount of encumbrances admitted, and without any reflection whatever on either of the executors, who are both reputable and honorable men, it would appear to be the plain duty of the court, in justice to the petitioners, to require security of these executors. Accordingly, the order is now made upon Daniel C. Kendig and George W. Colton, executors of the last will of Mrs. Abbie Ward, deceased, that they give bonds in proper form in the sum of $30,000, with two sufficient sureties, to be approved by the court, conditioned for the faithful performance of their duties as such executors, and that said bond be filed within fifteen days from this date.]

Defendants appealed, assigning for error the portions of the opinion as indicated above in brackets.

*Davenport & Griffith* for appellants.

*Wm. Benson* and *Vincent & Walling* for appellees.

PER CURIAM:

This case appears to have received a careful examination and consideration by the learned judge. While the facts do not appear to reflect on the honesty and good faith of the appellants, yet in view of the uncertainty of their lives, the large encumbrances on their real estate, and the fluctuating values of property, we see no sufficient reason for reversing this decree, made in the exercise of a sound discretion.

Decree affirmed and appeal dismissed, at the costs of the appellants.